### Appel, Trustee, v. Meckley.

*Judgments—Lien of—Proceedings against real estate of absent husband—Acts of May 23, 1907, and July 21, 1913.*

While it may be conceded that a proceeding against the real estate of an absent husband for the maintenance of his wife, under the Act of May 23, 1907, P. L. 227, and its amendments of April 27, 1909, P. L. 182, and July 21, 1913, P. L. 867, is a proceeding *in rem,* and also that it is a proceeding in equity, and the doctrine of *lis pendens* applies, nevertheless the decree is not a lien from the date of the commencement of the proceedings as against judgments entered after such commencement, but before the order was made and entered on the judgment index, where such judgments were for debts incurred before the commencement of the proceedings.

Proceedings against real estate of absent husband for support of wife. Exceptions to schedule of distribution of proceeds of sale. C. P. Lancaster Co., Jan. T., 1922, No. 16.

*Burt R. Glidden, George Kunkel* and *Maurice R. Metzger,* for exceptions.

*T. Roberts Appel,* contra.

HASSLER, J., April 8, 1922.—The real estate of the defendant was sold by the sheriff of this county under the above execution. The sheriff reported a schedule of distribution of the proceeds of sale, as required by the Act of June 4, 1901, P. L. 357, to which exceptions were filed on behalf of Josephine Meckley, wife of the defendant, a lien creditor. The first two exceptions are without merit and do not require consideration.

The remaining exception raises the question of the correctness of the schedule as to the order in which the liens should be paid. The exceptant contends that the lien of her judgment or decree dates from Oct. 22nd, even though it

2 D. & C.

was not entered on the judgment index until Feb. 26, 1921, and that it should be paid out of the proceeds of sale before the liens entered after Oct. 22, 1920. The real estate, according to the return of the sheriff, was sold for $6200. After deducting costs, $6004.04 remained for the payment of the lien creditors. One judgment was entered prior to Oct. 22, 1920, which amounts to $1291.99. Five other judgments, aggregating more than the amount of the balance for distribution, were entered between Oct. 25th and Nov. 23, 1920. These are reported in the schedule to be paid before the lien of the exceptant.

The contention of the exceptant that her lien dates from Oct. 22, 1920, is based upon the following facts: On that day she filed a bill under the Act of May 23, 1907, P. L. 227, as amended by the Acts of April 27, 1909, P. L. 182, and July 21, 1913, P. L. 867, to obtain support from the real estate of her husband, who had deserted and failed to support her and was absent from the Commonwealth. Service of the bill was made by publication as provided in the act. On Feb. 26, 1921, the bill was taken pro confesso, no answer having been filed. On March 19, 1921, a hearing was had as to the amount the exceptant should be allowed for her support, and on April 16, 1921, the following order was entered: "Now, April 16, 1921, it is ordered that Isaac Walter Meckley pay to his wife, Josephine Meckley, the sum of five dollars a week from March 19, 1921, the date of hearing, and that the real estate of the defendant, Isaac Walter Meckley, in pursuance of these proceedings, be bound in the sum of three hundred dollars to secure this order." Section 2 of the Act of May 23, 1907, P. L. 227, under which the proceedings were had, provides that: "Whenever a husband shall absent himself from the Commonwealth, proceedings may be had against any property, real or personal, of said husband necessary for the suitable maintenance of the said wife, and the court may direct the seizure and sale or mortgage of sufficient of such estate as will provide the necessary funds for such maintenance, and service upon the defendant shall be made wherever he may be found," and so forth.

It is contended that the decree in favor of the exceptant is a lien upon the real estate from the date of the commencement of these proceedings, because the proceeding is in rem, and also because the doctrine of lis pendens applies to it.

It may be conceded that the proceeding is in rem, and that under ordinary circumstances the decree obtained in a proceeding in rem dates from the attachment of the real estate. It may also be conceded that the doctrine of lis pendens applies, as it is a proceeding in equity. We cannot agree, however, that under the peculiar circumstances of this case the decree of the exceptant is a prior lien to the judgments entered before it was made.

The property of Isaac Walter Meckley, both real and personal, was liable for the payment of his debts. His liability for the support of his wife could not interfere with this right of his creditors to the payment of their claims out of his estate. All the judgments entered against him were entered upon bonds or notes given before the exceptant commenced her proceedings. No order was made by the court for past support of the exceptant out of her husband's estate. The order provided that from the date of the order, which was after the entry of the judgments, she was to be paid $5 per week, to secure which the defendant's real estate was to be bound in the sum of $300. This meant his real estate subject to the liens on it.

If a wife is entitled to priority of lien because of the commencement of her proceedings in rem under this act of assembly, or because of the doctrine of lis pendens, all of a debtor's property might be taken from his creditors, who were not lien creditors at the time the proceedings by the wife were com-

menced, to provide for her future support, even though they entered their judgments before she obtained an order for support. We do not think that is the law, and, therefore, dismiss the exceptions filed to the schedule of distribution and direct the sheriff to pay out the same in accordance therewith.

From George Ross Eshleman, Lancaster, Pa.